UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVA WOMACK,

       Plaintiff,

v.                                                     CASE No. 8:12-CV-1316-T-TGW

CAROLYN W. COLVIN,[1]
Commissioner of Social Security,

       Defendant.

_____

ORDER

      The plaintiff in this case seeks judicial review of the denial of

her claims for Social Security disability benefits and supplemental security

income payments.[2]  Because the decision of the Commissioner of Social

Security is supported by substantial evidence and the plaintiff has not shown

any reversible error, the decision will be affirmed.

_____

     [1]On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of
Social Security and should, therefore, be substituted for Commissioner Michael J. Astrue
as defendant in this action.  See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

     [2]The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 15).

I.

The plaintiff, who was twenty-nine years old at the time of the administrative hearing and who has the equivalent of a high school education, has worked as a fast-food worker, hand packager, telephone solicitor, and waitress (Tr. 42, 59, 88-89). She filed claims for Social Security disability benefits and supplemental security income payments, alleging that she became disabled due to mental disorders, a learning disability, depression and PTSD (post-traumatic stress disorder), as well as a wrist impairment (Tr. 239). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of residuals of right wrist injury, bipolar disorder, and history of drug and alcohol abuse (Tr. 24). She concluded that, with these impairments, the plaintiff has the residual functional capacity to perform "light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she would be limited to no repetitive movement of the right wrist. Additionally, she could have no face-to-face interaction with the general public" (Tr. 25).

The law judge concluded that these limitations precluded the plaintiff from performing past work (Tr. 31). However, based on the testimony of a vocational expert, the law judge decided that the plaintiff could perform other jobs that exist in significant numbers in the national economy, such as light work jobs of bakery conveyor line worker, silver wrapper, and linen grader, and sedentary jobs of eyeglass frame inspector, dowel inspector, lens inserter, and final assembler (Tr. 32).[3]  Accordingly, the law judge ruled that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or

_____

[3]The law judge wrote in her decision "lemon grader" instead of "linen grader" (Tr. 100). This is obviously a typographical error.

psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence,

and those inferences are not to be overturned if they are supported by substantial evidence. <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff's sole contention is that substantial evidence does not support the law judge's finding that there are jobs existing in the national economy for an individual with the plaintiff's residual functional capacity (Doc. 16, pp. 11-16). Specifically, the plaintiff argues that "[t]here is no testimony from the VE as to whether a person could perform the ... jobs identified [by the law judge] if the person could not do any repetitive movements with the wrist" (<u>id.</u>, p. 16). This contention is meritless because

the law judge clarified at the hearing that the prohibition against repetitive wrist movement precludes only "constant" and "rapid" wrist movement, and permits frequent movement of the wrist. According to the vocational expert's testimony, the jobs identified in the decision correspond with this limitation.

As indicated, the law judge found the plaintiff had severe impairments of residuals of right wrist injury, bipolar disorder, and history of drug and alcohol abuse (Tr. 24). To accommodate those impairments, the law judge restricted the plaintiff to light work with no repetitive movement of the right wrist and no face-to-face interaction with the general public (Tr. 25). The plaintiff, notably, does not challenge the law judge's determination of her residual functional capacity. In particular, the plaintiff does not argue that she should have been limited to occasional, rather than frequent, movement of the right wrist.

Importantly, the scheduling Order required the plaintiff to "identify with particularity the discrete grounds upon which the administrative decision is being challenged" (Doc. 14, p. 2). Since no challenge to the residual functional capacity, including the ability to perform

frequent right wrist movements, has been articulated, any such challenge is deemed forfeited.

Further, the plaintiff submitted new evidence to the Appeals Council (Tr. 5). The plaintiff makes no argument pursuant to Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253 (11th Cir. 2007), that the Appeals Council erred with respect to that evidence. Consequently, any such argument is forfeited, and, concomitantly, the new evidence (Tr. 925-39) is not properly considered in assessing the law judge's decision. Id. at 1266.

The only issue raised relates to the testimony of a vocational expert. The law judge obtained the testimony of a vocational expert to determine whether there were jobs in the national economy that the plaintiff could perform with her residual functional capacity. A vocational expert's testimony constitutes substantial evidence if the law judge poses a hypothetical question which comprises all of the claimant's impairments. Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002).

In this case, the law judge's hypothetical question essentially reflected her residual functional capacity determination (compare Tr. 25 with

Tr. 98-102). Thus, the law judge asked the vocational expert to identify light jobs that require no interaction with the general public, no overhead reaching, and no repetitive motion with the wrist (Tr. 98-102).[4] The vocational expert responded that, with these limitations, the plaintiff could perform light work jobs such as conveyor line worker, silver wrapper and linen grader (Tr. 99-100). The vocational expert also identified sedentary jobs such as eyeglass inspector, dowel inspector, lens sorter, final assembler, and press folder (Tr. 102). The law judge identifies those jobs in her decision as the basis for finding the plaintiff not disabled (Tr. 32). Therefore, the law judge's finding that the plaintiff was not disabled because she could perform jobs existing in sufficient numbers in the national economy is supported by substantial evidence (id.). See Leigh v. Commissioner of Social Security, 496 Fed. Appx. 973, 974-75 (11th Cir. 2012)(a law judge may rely solely on the testimony of a vocational expert in determining whether there are jobs the plaintiff can perform in the national economy).

_____

[4]The pertinent hypothetical question was more restrictive than the residual functional capacity, as it more broadly precluded overhead reaching, any kind of interaction with the general public, and repetitive movement of either wrist (Tr. 98-102).

The plaintiff argues that the vocational expert's testimony does not constitute substantial evidence that she could perform those jobs because most require frequent handling (Doc. 16, pp. 14-15; <u>see</u> Tr. 101). The plaintiff's argument is fundamentally flawed because it presumes that an individual precluded from repetitive wrist movement cannot move her wrist or hand frequently. However, the law judge made clear at the hearing that is not what she meant by "repetitive" wrist movement.

Thus, at the hearing, the law judge asked the vocational expert whether there are jobs which involve "[n]o repetitive movement with the wrist .... no repetitive motion with the hands" (Tr. 89). The law judge and the vocational expert then had a lengthy exchange regarding what the law judge meant by "repetitive" (Tr. 90-95)(emphasis added):

> Q (law judge): ...by repetitive motion with the hands it means <u>constant</u>, something like playing the piano ... but that doesn't mean that she can't use her hands for instance for making change or for a sporting ticket, but nothing that requires rapid, repetitive motion with the hands. Like I guess even typing would be repetitive motion, but handing something to –across the counter or filing a paper. Unless she is doing it at 20 miles an hour would not be repetitive motion. ... [A]re there any jobs that she could do with the way I defined it?

A (vocational expert): So it's something ... <u>she can use her hands frequently</u>.  Is that what you're saying, <u>but she can't use</u> —

Q (law judge): <u>Yeah</u>.

A (vocational expert): – <u>them constantly</u>?

Q (law judge): <u>Yes.</u>  And I'm more concerned about the speed, or something like you're playing the piano. You're constantly moving your fingers. There's no break in between until you get to the end of the song.  If you're typing ... assuming you would be doing that most of the day that might be–you might have to be typing very quickly, but that's repetitive motion, but most other jobs do not require repetitive, or motion in the way that I'm defining repetitive.

....

Q (law judge).... Again with respect to the hands now, I'm talking about repetitive motion with the wrist. ...[I]f she had to wave constantly that's repetitive motion.  Picking up something is not repetitive motion ....

....

Q (law judge): .... It's – the injury is to her wrist so she can't move her wrist repetitively.  It doesn't mean that she can't use her fingers at all, but <u>she cannot constantly</u> lift something up and down or back and forth. ...

....

>Q (law judge): So I'm not precluding use of the
>hands. It's the repetitive movement of the wrist that
>I'm trying to rule out.

In sum, it is clear that the law judge defined "repetitive" to mean "constant" and "rapid" movement of the wrist, but that "frequent" wrist movement is not precluded (Tr. 90, 94). Therefore, contrary to the plaintiff's contention (Doc. 16, p. 16), the law judge's limitations to the vocational expert were not unclear.

Moreover, the following discussion between the law judge and vocational expert confirms the law judge's definition of repetitive in this case. Thus, after the vocational expert identified that the jobs of light hand packager, conveyor line worker, silver wrapper, and linen grader do not require interaction with the public (Tr. 98-99), the law judge asked about the amount of wrist movement required by these jobs (Tr. 101-02):

>Q (law judge): Do any of [these jobs] require rapid,
>repetitive motion with the wrist?
>
>A (vocational expert): No. Let's see ... conveyor
>worker it just requires occasional reaching and
>handling.
>
>Q (law judge): Okay

A (vocational expert): And silver wrapper that requires frequent use of the hands. And hand packager is, let me check that, that does require constant hand motions ...

Q (law judge): Okay. ...that eliminates hand packager.

A (vocational expert): Yeah.
...

A (vocational expert): The linen grader requires frequent reaching, handling and fingering ....

Q: Okay.

Thus, the law judge, consistent with the earlier discussion that the prohibition against "repetitive" movement would preclude constant, but not frequent, wrist movement, eliminated the hand packager job because it involved constant hand motion, and found acceptable the jobs of conveyor worker, silver wrapper and linen grader, which involved occasional or frequent use of the hands (see id.).[5]

---

[5]The plaintiff argues that, "[i]t would seem that the same logic used by the VE for [eliminating] the hand packager [job] would also apply to a silver wrapper and linen grader. It is impossible to imagine wrapping silverware in a napkin without using the wrists" (Doc. 16, pp. 14-15). This argument completely misses the distinction made by the law judge at the hearing; specifically, that constant wrist movement is precluded, but frequent is not.

The law judge also asked the vocational expert whether there were any sedentary jobs that do not require interaction with the general public (Tr. 102). The vocational expert identified dowel inspector, eyeglass frame inspector, lens sorter, final assembler, and press folder (Tr. 103). The plaintiff argues that all of these sedentary jobs involve frequent use of the hands (Doc. 12, p. 15). However, as previously explained, the plaintiff does not assert that her residual functional capacity should preclude frequent use of the hands.

The plaintiff argues further that the law judge's finding "is based upon a mischaracterization or misunderstanding of the testimony of the VE in this case" (Doc. 16, p. 15). In this regard, the plaintiff acknowledges that the vocational expert "interpreted [no repetitive wrist movement] to mean that the hypothetical person could use her hands frequently, but not constantly" but argues that "[w]hether frequent use of the hands requires rapid, repetitive use of the wrist is not clarified by the VE" (id., pp. 12, 14). However, it is clear from the discussion quoted above that the law judge meant, and the vocational expert understood, repetitive wrist movement under the facts of this case entailed constant and rapid, but not frequent, movement.

In all events, the law judge also found that the plaintiff could perform the job of bakery conveyor line worker (Tr. 32), which the vocational expert testified "just requires occasional reaching and handling" (Tr. 101). The plaintiff makes no argument that the prohibition against repetitive right wrist movement would preclude a job that requires only occasional handling. As the law judge recounted in the decision (Tr. 32), the vocational expert testified that approximately 250 of those jobs exist regionally, and 40,000 nationally (Tr. 99-100). Therefore, based on this job alone, there is work the plaintiff could perform that exists in significant numbers in the national economy. See Allen v. Bowen, 816 F.2d 600, 602-03 (11th Cir. 1987); Brooks v. Barnhart, 133 Fed. Appx. 669 (11th Cir. 2005). Consequently, the plaintiff's contention that substantial evidence does not support the finding that she could perform work that exists in the national economy is unavailing.

Finally, the plaintiff makes the baseless argument that the law judge erred by posing a hypothetical question to the vocational expert that is more restrictive than the residual functional capacity (Doc. 16, p. 16). Specifically, the plaintiff argues that the hypothetical question, which precluded "rapid repetitive" wrist motion, is more restrictive than her residual

-14-

functional capacity limitation, which prohibited "repetitive" wrist movement (id.). Thus, the plaintiff contends that the law judge added to the pertinent hypothetical question a limitation against "rapid" wrist movement. However, "rapid" was used by the law judge to define for the vocational expert what she meant by "repetitive"; it was not an additional restriction. Furthermore, this argument makes no sense, as a more restrictive hypothetical benefits the plaintiff by further limiting her functioning so that the expert would reduce the number of jobs that the plaintiff could perform.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 25 day of July, 2013.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

-15-